JUDGE BRODERICK

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, suite 2020
New York, New York 10165

Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ADELAIDO GALEANA and NICOLAS
GALEANA , *individually and on behalf of*
*others similarly situated,*

                                    *Plaintiffs,*

                -against-

MAHASAN INC. (d/b/a ENTHAICE) and
JUNTIMA NETPRACHAK,

                                    *Defendants.*
-------------------------------------------------------X



**14 CV 3625**

RECEIVED
MAY 20 2014
U.S.D.C. S.D. N.Y.

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Adelaido Galeana and Nicolas Galeana, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against Mahasan Inc. (d/b/a Enthaice)

("Defendant Corporation") and Juntima Netprachak (collectively, "Defendants") allege as

follows:

## NATURE OF THE ACTION

    1.    Plaintiffs are former employees of Defendants Mahasan Inc. (d/b/a Enthaice)

("Defendant Corporation") and Juntima Netprachak.

    2.    Defendants own, operate, or control a Thai restaurant located at 1598 Third

Avenue, New York, New York 10128 under the name "Enthaice".

3.      Upon information and belief, Individual Defendant Juntima Netprachak serves or served as owner, manager, principal, or agent of Defendant Corporation, and through this corporate entity operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs are former employees of Defendants.

5.      Plaintiffs were primarily employed as delivery workers but they were required to spend a considerable part of the work day performing non-tipped, non-delivery duties, including dishwashing, cutting vegetables, transporting food from the basement to the kitchen, twisting and tying up cardboard boxes, taking out the garbage, cleaning the bathrooms, windows, and sidewalk, sweeping, stocking deliveries, and cleaning the kitchen at night with water, soap, and brushes (hereafter the "non-tipped, non-delivery duties").

6.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

7.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required greater or equal time spent in non-tipped, non-delivery duties.

8.      Regardless, at all times Defendants paid these Plaintiffs at the tip-credit rate.

9.      Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146-2.9).

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum

- 2 -

wage rate and to enable them to pay Plaintiffs below the lower tip-credited rate by designating them delivery workers instead of non-tipped employees.

11. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

14. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

17.     Plaintiff Adelaido Galeana ("Plaintiff Adelaido" or "Mr. Adelaido") is an adult individual residing in Bronx County, New York. Plaintiff Adelaido was employed by Defendants from approximately July 2011 through January 2012.

18.     Plaintiff Nicolas Galeana ("Plaintiff Nicolas" or "Mr. Nicolas") is an adult individual residing in Bronx County, New York. Plaintiff Nicolas was employed by Defendants from approximately November 2012 through April 22, 2014.

### *Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled a restaurant located at 1598 Third Avenue, New York, NY 10128, under the name of Enthaice.

20.     Upon information and belief, Mahasan Inc. (d/b/a Enthaice) is a domestic corporation organized and existing under the laws of the State of New York.

21.     Upon information and belief, Defendant Corporation maintains a principal place of business at 1598 Third Avenue, New York, NY 10128.

22.     Defendant Juntima Netprachak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juntima Netprachak is sued individually in her capacity as an owner, officer and/or agent of the Defendant Corporation.

- 4 -

Defendant Juntima Netprachak possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.     Defendants operate a restaurant located in the Upper East Side section of Manhattan in New York City.

24.     Defendants maintain as their principal place of business a centralized office, located at 1598 3rd Ave #2, New York, NY 10128.

25.     The Individual Defendant, Juntima Netprachak, possesses operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

- 5 -

28.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.    Upon information and belief, Individual Defendant Juntima Netprachak operates Mahasan Inc. (d/b/a Enthaice) as either an alter ego of herself, and/or fails to operate Mahasan Inc. (d/b/a Enthaice) as an entity legally separate and apart from herself, by among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation;

    b.   defectively forming or maintaining the corporate entity of Defendant Corporation by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.   transferring assets and debts freely as between all Defendants;

    d.   operating Defendant Corporation for her own benefit as the sole or majority shareholders;

    e.   operating Defendant Corporation for her own benefit and maintaining control over it as a closed corporation;

    f.   intermingling assets and debts of her own with Defendant Corporation;

    g.   diminishing and/or transferring assets to avoid full liability as necessary to protect her own interests; and

    h.   other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.     In each year from 2011 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

### Individual Plaintiffs

34.     The Plaintiffs were former employees of the Defendants who were primarily employed as delivery workers.  However, they spent a considerable amount of time performing the non-tipped and non-delivery duties described above.

35.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Adelaido Galeana

36.     Plaintiff Adelaido was employed by Defendants from approximately July 2011 until on or about January 2012.

37.     Plaintiff Adelaido was ostensibly employed by Defendants as a delivery worker.

38.     However, throughout his employment, Plaintiff Adelaido spent over half of his workday performing the non-delivery duties outlined above.

- 7 -

39.     Plaintiff Adelaido regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Adelaido's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with defendants, Plaintiff Adelaido regularly worked in excess of 40 hours per week.

42.     From approximately July 2011 until January 2012, Plaintiff Adelaido worked for approximately over ten hours per day six days per week (Typically 63 hours per week).

43.     Throughout his employment with Defendants, Plaintiff Adelaido was paid his wages in cash.

44.     From approximately July 2011 until January 2012, Plaintiff Adelaido was supposed to get paid $275 per week.

45.     However, Plaintiff Adelaido was frequently paid only $250 per week because Defendants unlawfully took deductions for lunch and meal breaks Plaintiff was not permitted to and did not take.

46.     Plaintiff Adelaido's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     In fact, Defendants required Plaintiff Adelaido to stay at least 30 minutes past his departure time to clean the restaurant and did not pay him for this additional time.

48.     In addition, Defendants would deduct six meal-break hours from Plaintiff Adelaido's weekly salary even though they never granted Plaintiff Adelaido a meal break or rest period of any kind.

- 8 -

49.     Plaintiff Adelaido was never notified by Defendants that his tips were being included as an offset for wages.

50.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Adelaido's wages.

51.     Plaintiff Adelaido was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

52.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Adelaido regarding overtime and wages under the FLSA and NYLL.

53.     Furthermore, Defendants did not provide Plaintiff Adelaido with each payment of wages a statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Adelaido, in English and in Spanish (Plaintiff Adelaido's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Nicolas Galeana*

55.     Plaintiff Nicolas was employed by Defendants from approximately November 2012 until on or about April 22, 2014.

56.     Plaintiff Nicolas was ostensibly employed by Defendants as a delivery worker.

57.     However, throughout his employment, Plaintiff Nicolas spent over half of his workday performing the non-delivery duties outlined above.

58.     Plaintiff Nicolas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Nicolas's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with defendants, Plaintiff Nicolas regularly worked in excess of 40 hours per week.

61.     From approximately November 2012 until April 2013, Plaintiff Nicolas worked from 11:00 a.m. until 11:00 p.m. or 12:00 a.m. six days per week (Typically 72 to 78 hours per week).

62.     From approximately April 2013 until April 2014, Plaintiff Nicolas worked from 11:00 a.m. to 9:30 p.m. on Sundays and Wednesday, 11:00 a.m. to 11:30 p.m. on Thursdays, 1:00 p.m. through 11:30 p.m. on Fridays, and from 4:00 p.m. through 11:30 p.m. on Saturdays. In addition, he worked as a "dishwasher" on Tuesdays from 11:00 a.m. until 11:30 p.m. (Typically 64 hours per week).

63.     Throughout his employment with Defendants, Plaintiff Nicolas was paid his wages in cash.

64.     From approximately November 2012 until April 2013, Plaintiff Nicolas was paid $440 per week.

65.     From approximately April 2013 until April 2014, Plaintiff Nicolas was paid $5.00 per hour for every day except Tuesday, when he was paid $7.25 per hour.

66.     Plaintiff Nicolas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

67.     For example, Plaintiff Nicolas was required to work 30 minutes to one hour past his departure time, but was not paid for the extra time.

68.    Plaintiff Nicolas was never notified by Defendants that his tips were being included as an offset for wages.

69.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Nicolas's wages.

70.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Nicolas regarding overtime and wages under the FLSA and NYLL.

71.    Furthermore, Defendants did not provide Plaintiff Nicolas with each payment of wages a statement of wages, as required by NYLL 195(3).

72.    Defendants did not give any notice to Plaintiff Nicolas, in English and in Spanish (Plaintiff Nicolas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73.    Defendants required Plaintiff Nicolas to purchase "tools of the trade" with his own funds—including a bicycle for $500 and a helmet for $40. Thus, the total cost of the "tools of the trade" Plaintiff Nicolas has been required to purchase as a delivery worker was approximately $540.00.

*Defendants' General Employment Practices*

74.    Defendants regularly required Plaintiffs to work without paying them the proper minimum and overtime wages.

75.    Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work without paying them appropriate minimum wage and overtime, as required by federal and state laws.

76.    Plaintiffs have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them

- 11 -

the wages they were owed for the hours they had worked.

77.     Defendants' pay practices caused Plaintiffs to not receive payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

78.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

79.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

80.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

81.     Defendants required Plaintiffs to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers. Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

82.     Plaintiffs were paid at the lowered tip-credited rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146-3.3(c)).

83.     Similarly, under federal regulations, 29 C.F.R. §531.56(e), an employer may not take a tip credit for any tipped employee for time spent working in an unrelated, non-tipped occupation.

84.     These Plaintiffs' duties were not incidental to their occupation as delivery

- 12 -

workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described herein.

85.     In violation of federal and state law as codified above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

86.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

87.     In addition, Defendants paid plaintiffs their wages in cash.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

89.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90.     Defendants failed to provide Plaintiffs, and other employees, with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

- 13 -

91.     Defendants failed to provide Plaintiffs, and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

93.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per work week, and willfully failing to keep records required by the FLSA.

94.     The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

95.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

99.     Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiffs have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

104.    Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

108.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

109.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

113.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

114.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.     Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

116.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a).

118.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

119.     Plaintiffs have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

120.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by NYLL §195(1).

122.   Defendants are liable to each Plaintiff in the amount of $2,500, together with

costs and attorneys fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

123.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

124.   Defendants did not provide Plaintiffs with each payment of wages a statement

listing each the following: the dates of work covered by that payment of wages; name of

employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular

hours worked, and the number of overtime hours worked, as required by NYLL 195(3).

125.   Defendants are liable to each Plaintiff in the amount of $2,500, together with

costs and attorneys fees.

**EIGHTH CAUSE OF ACTION**
**(UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK**
**LABOR LAW)**

126.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.   At all relevant times, Defendants were Plaintiffs' employers within the meaning

of the N.Y. Lab. Law §§ 2 and 651.

128.   Defendants have made unlawful deductions from the wages of Plaintiffs and the

- 18 -

members of the FLSA Class, including, but not limited to, deductions for meal breaks Plaintiffs were not permitted to and did not take.

129.    The deductions made from wages of Plaintiffs and the members of the FLSA Class were not authorized or required by law.

130.    Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiffs and the members of the FLSA class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

131.    Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

130.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

131.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

132.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

- 20 -

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
          May 20, 2014

By: _____
                      Michael Faillace

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

- 22 -