UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADELAIDO GALEANA and NICOLAS GALEANA,
*individually and on behalf of others similarly situated,*       **14-cv-3625 (VSB)**

                    *Plaintiffs*,       **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

    -against-

MAHASAN INC. (d/b/a ENTHAICE) and JUNTIMA NETPRACHAK,

                    *Defendants*
------------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
*Attorneys for Plaintiffs*

Plaintiffs Adelaido Galeana, Nicolas Galeana, Subongkot Galeana, Subongkot Longwilai, Mario Perez, Sergio Herrera, Tomas Batista, Genaro Galenana, and Enrique Martinez ("Plaintiffs"), by their attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in opposition to Defendants' motion to dismiss Plaintiffs' Complaint.

Preliminary Statement

Defendants move to dismiss Plaintiffs' federal claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants base their motion on the assertion that seven of the eight Plaintiffs in this matter (Nicolas Galeana, Subongkot Galeana, Subongkot Longwilai, Mario Perez, Sergio Herrera, Tomas Batista, Genaro Galenana, and Enrique Martinez) signed purported "employment agreements" with the Defendants. *See* Exhibits A through G to the Netprachak Declaration, Civil Docket Sheet at 46. These agreements, written entirely in English, contain arbitration provisions. These agreements also include additional, unconscionable provisions providing for the settlement release of all legal claims (Paragraph 4 of the Employment Agreement) and what appears to be a provision providing that Plaintiffs will have to pay the arbitration fee to bring their claims to arbitration (Paragraph 5.2 of the Employment Agreement). *Id.*

Defendants' motion to dismiss should be denied. As an initial matter, Defendants did not raise any intent to arbitrate in their Answer in this matter, and spent months litigating this case to the prejudice of Plaintiffs. Accordingly, Defendants' motion should be denied as untimely. Second, Defendants' motion should be denied because no enforceable agreement to arbitrate exists. The Plaintiffs deny that they signed the instant contracts, and accordingly Plaintiffs submit that the instant employment agreements do not represent a valid contract and are the product of fraud. Lastly, assuming *arguendo* that the employment agreement were in fact signed by the

Plaintiffs, the court should decline to give them effect because they are unconscionable and, for all but one Plaintiff, dated after the filing of the instant lawsuit.

Argument

### I. Defendants' Motion is Untimely

A party is deemed to have waived its right to arbitration if it "engages in protracted litigation that results in prejudice to the opposing party." *S & R Co. of Kingston v. Latona Trucking*, 159 F.3d 80, 83 (2d Cir. 1998). Factors to consider include (1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense. *PPG Indus., Inc. v. Webster Auto Parts Inc.*, 128 F.3d 103, 107-09 (2d Cir.1997). "Sufficient prejudice to infer waiver has been found when a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993)

Here, Defendants' delay in filing their purported motion has led to unnecessary delay and expense for the Plaintiffs. Plaintiffs filed this action on May 20, 2015, and Defendants filed their Answer on September 19, 2014. Defendants raised no arbitration defense in their Answer or in any other manner prior to noticing the instant motion to dismiss. Plaintiffs have litigated this case for nearly a year. In addition, Plaintiffs were also been required to attend three Initial Conferences in this matter due to delays created by the Defendants. Specifically, Plaintiffs were required to invest resources in simply locating Defendants' attorney, who could not reached for meaningful resolution of this case until prevented this matter moving forward until new counsel was obtained.

2

Defendants should not be permitted, after inflicting unnecessary and unjustified expenditures of resources on the FLSA plaintiffs, to move for arbitration proceedings at this late date.

## II. Defendants' Motion is Substantively Meritless

Defendants' motion should be denied for the additional reason that it is substantively meritless. Arbitration agreements are contracts, "on equal footing with other contracts," so courts must "enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010) (internal citation omitted). Indeed the purpose of the FAA was "to make arbitration agreements as enforceable as other contracts, but not more so." *Opals on Ice Lingerie v. Body Lines Inc.*, 320 F.3d 362, 369 (2d Cir. 2003) (emphasis in original) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967). "Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements' in accordance with § 2 of the FAA." *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566 (S.D.N.Y. 2009) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996)). "In the context of motions to compel arbitration brought under the Federal Arbitration Act. . . , the court applies a standard similar to that applicable for a motion for summary judgment. If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun v. Jobe—Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

Here, the purported employment agreements at issue fail for multiple reasons. "[T]o create a binding contract, there must be a meeting of the minds." *Highland HC, LLC v. Scott*, 113 A.D.3d 590, 594, 978 N.Y.S.2d 302 (N.Y. App. Div. 2014). Plaintiffs dispute that they *ever* saw the employment agreements at issue here, much less signed them, and have indicated to counsel that

3

they may be forged from signatures contained in their identifying documents.[1] *See* Affidavits of Plaintiffs Adelaido Galeana, Genaro Galeana, Nicholas Galeana, Sergio Herrera, and Tomas Bautista, annexed to the Declaration of Shawn Clark as Exhibits A through E. Accordingly, Plaintiffs contest that the purported employment agreements represent an enforceable contract. Plaintiffs are available for an evidentiary hearing concerning this issue.

The purported employment agreement can and should be rejected on the additional ground that it is unconscionable. "Under New York law, a contract is unconscionable when it is 'so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable [sic] according to its literal terms.'" *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 571 (S.D.N.Y. 2009) (quoting *Gillman v. Chase Manhattan Bank, N.A,*, 73 N.Y.2d 1, 10, 534 N.E.2d 824, 537 N.Y.S.2d 787 (1988)). Here, the instant arbitration agreement is substantively unconscionable on multiple levels. First, the agreement contains a settlement release. *See* Paragraph 4 of the purported employment agreements.  Such a release is plainly invalid. *See*, *e.g.*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 U.S. App. LEXIS 13815 (2d Cir. Aug. 7, 2015). Even if it were valid, a contract suggesting that the Plaintiffs would be required to waive all legal claims against Defendants to maintain their positions is a gross abuse of unequal bargaining power. The fact that this release was purportedly signed after the filing of the instant lawsuit both lends doubt that the agreement was ever explained or signed by the Plaintiffs and lends support for the view that the agreement is unconscionable.

Second, the arbitration provision in the purported agreement appears to require Plaintiffs to pay the initial arbitration fee, reimbursing for the arbitration only if "arbitrators find totally in

---

[1] Adelaido Galeana, the single plaintiff for which Defendants do not possess a purported agreement, reportedly never provided Defendants with identification documents.

Employee's favor." Forcing all costs of pursuing claims to the Plaintiffs, and only reimbursing them in the event they are "totally" victorious, represents an unreasonable cost that is unfairly tailored to the Defendants interest and makes the agreement unconscionable. *Compare Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 569 (S.D.N.Y. 2013) (noting "[w]hen both an employer and its employees are bound to an agreement to arbitrate, when the terms of the agreement are equally applicable to both parties, and when the employer bears any unreasonable cost of the arbitration, the arbitration agreement is not unreasonably favorable to the employer.").

Third, assuming *arguendo* that employment agreements were signed by Plaintiffs, the agreements should be found unconscionable on the grounds that the Plaintiffs, who were non-English speaking low wage workers, were not adequately informed of the contents of the provisions and did not receive adequate translation. Other Courts have found contracts unconscionable on similar grounds. *See Delfingen v. Valenzuela*, 407 S.W.3d 791 (Tex. App. El Paso 2013)(finding employee carried burden of showing unconscionability when court could have reasonably found human resources representative did not translate arbitration agreement, misleading employee); *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (finding sufficient evidence for fraudulent inducement where defendant was illiterate, and his manager, who knew defendant was illiterate, explained documents defendant was signing but omitted explanations of, or misrepresented, the arbitration provisions); *Prevot v. Phillips Petroleum Co.*, 133 F.Supp.2d 937, 940-41 (S.D. Tex. 2001) (finding procedural unconscionability where plaintiffs did not speak English and agreement was not translated or explained to them); *Nunez v. Weeks Marine, Inc.*, 2007 U.S. Dist. LEXIS 49086 (E.D. La. July 5, 2007). The Court should do so here.

Finally, Plaintiffs note that all but one of the purported agreements herein were dated after the filing of the instant lawsuit.[2] Assuming *arguendo* that the agreements were signed by Plaintiffs, Defendants' imposition of employment agreements including general releases and arbitration provisions on their employees after their filing of an FLSA collective action lawsuit represents an unconscionable imposition on their rights. *See*, *e.g.*, Transcript re TRO Application in *Bragg v. Terrier Claims Services, Inc.*, 05 cv 7280 (CM), at 14:5 through 23:1, annexed to the Clark Declaration as Exhibit F.

## Conclusion

Based on the foregoing, the Court should deny Defendants' motion. As noted above, Plaintiffs are available for an evidentiary hearing concerning any and all aspects of Defendants' motion.

Dated:  New York, New York
        September 1, 2015

    /s/ Shawn Clark
Michael A. Faillace, Esq.
Shawn Clark, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, NY 10165
(212) 317-1200
sclark@faillacelaw.com
*Attorneys for Plaintiffs*

---

[2] Defendants assert that the Defendants signed other earlier agreements; these agreements are not even dated by the Plaintiffs' purported signatures, and the Court should not credit them.