UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :
ADELAIDO GALEANA and NICOLAS      :
GALEANA, individually and on behalf of   :
others similarly situated,                     :
                                                    :
                               Plaintiffs,       :        14-CV-3625 (VSB) (KNF)
                                                    :
                    - against -                         :              **ORDER**
                                                    :
MAHASAN INC., doing business as        :
ENTHAICE, and JUNTIMA NETPRACHAK, :
                                                    :
                                Defendants.  :
                                                    :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On May 20, 2014, Plaintiffs Adelaido Galeana ("Galeana") and Nicolas Galeana commenced this action against Defendants Mahasan Inc., doing business as Enthaice ("Mahasan"), and Juntima Netprachak ("Netprachak"), alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), violations of the minimum wage, overtime, notice and recordkeeping, and wage statement provisions of the New York Labor Law ("NYLL"), and violations of the spread of hours wage order of the New York Commissioner of Labor. (Doc. 1.) In December 2014, Subongkot Longwilai ("Longwilai") and five other plaintiffs consented to join the action as party plaintiffs. (Docs. 17–22.) I granted Defendants' motion to compel arbitration with respect to six of the plaintiffs in this action but denied the motion with respect to Galeana and Longwilai. (Doc. 101.) Galeana and Longwilai moved for default judgment against Mahasan. (Doc. 151.) I entered default judgment and referred the matter to Magistrate Judge Fox for an inquest on the damages against Mahasan. (Docs. 155–56.) In connection with the inquest on damages, Galeana and Longwilai filed

proposed findings of fact and conclusions of law and a supporting memorandum of law, declaration, and exhibits.  (Docs. 162–64.)  On September 20, 2021, I dismissed the other remaining defendant, Netprachak, from the action.  (Doc. 174.)

On December 21, 2021, Magistrate Judge Fox issued his Report and Recommendation, recommending that Galeana be awarded damages in the amount of $13,759.50 representing $7,423.50 in unpaid wages and overtime, $1,218.00 in unpaid spread-of-hours compensation, $8,641.50 in liquidated damages, and $3,900 in statutory damages; and prejudgment interest in the amount of $7,598.36 through July 28, 2021 (the date that the plaintiffs filed their inquest submissions) and additional prejudgment interest at the rate of nine percent per annum on the principal amount of $8,641.50 from July 28, 2021 to the date of entry of the final judgment. (Doc. 179 or "R&R.")[1]  Magistrate Judge Fox recommended Longwilai be awarded damages in the amount of $36,688.62 representing $14,016.31 in unpaid wages and overtime, $1,828.00 in unpaid spread-of-hours compensation, $15,844.31 in liquidated damages, $5,000.00 in statutory damages; and prejudgment interest in the amount of $10,503.16 through July 28, 2021 (the date that the plaintiffs filed their inquest submissions) and additional prejudgment interest at the rate of nine percent per annum on the principal amount of $15,844.31 from July 28, 2021 to the date of entry of the final judgment.  (*Id*.)  Magistrate Judge Fox further recommended "pursuant to NYLL § 198(4), that the judgment provide with respect to 'any amounts remaining unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, [that] the total amount of judgment shall automatically increase by fifteen percent.'"  (*Id*.)  Finally, Magistrate Judge Fox recommended that Galeana and Longwilai be awarded attorneys' fees in the amount of

---

[1] "R&R" refers to the Report and Recommendation issued by Magistrate Judge Fox on December 21, 2021.  (Doc. 179.)

$13,818.00 and costs in the amount of $581.00. (*Id.*) Neither Plaintiffs nor Mahasan have filed an objection to the Report and Recommendation or requested additional time to respond.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Santana v. Comm'r*, 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections," (R&R 19), neither party filed an objection or sought additional time to file an objection. I therefore reviewed Magistrate Judge Fox's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none.

Accordingly, I ADOPT the Report and Recommendation in its entirety. The awarded damages, prejudgment interest, and attorneys' fees are confirmed.

Specifically, Plaintiff Galeana is awarded the following:

1. Damages in the amount of $13,759.50, representing:

    a. $7,423.50 in unpaid wages and overtime;

    b. $1,218.00 in unpaid spread-of-hours compensation;

    c. $8,641.50 in liquidated damages; and

    d. $3,900 in statutory damages.

2. Prejudgment interest in the amount of:

    a. $7,598.36, through July 28, 2021 (the date Plaintiffs filed their inquest submissions); and

    b. additional prejudgment interest at the rate of nine percent per annum on the principal amount of $8,641.50, to be calculated by the Clerk of Court from July 28, 2021, to the date of entry of the final judgment.

Plaintiff Longwilai is awarded the following:

1. Damages in the amount of $36,688.62, representing:

    a. $14,016.31 in unpaid wages and overtime;

    b. $1,828.00 in unpaid spread-of-hours compensation;

    c. $15,844.31 in liquidated damages; and

    d. $5,000.00 in statutory damages.

2. Prejudgment interest in the amount of:

    a. $10,503.16, through July 28, 2021 (the date that Plaintiffs filed their inquest submissions); and

    b. additional prejudgment interest at the rate of nine percent per annum on the principal amount of $15,844.31, to be calculated by the Clerk of Court from July 28, 2021, to the date of entry of the final judgment.

Additionally, pursuant to NYLL § 198(4), the judgment shall provide that "any amounts remaining unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."

Galeana and Longwilai shall also be awarded attorneys' fees in the amount of $13,818.00 and costs in the amount of $581.00.

Galeana and Longwilai shall serve a copy of this Order on Mathasan by mail, at its last known address, and promptly file proof of such service on the docket.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: May 26, 2022
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge